# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. 4:20-CR-78-SDJ-KPJ-1 |
| KAREE STOUT (1) | § § § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on July 2, 2024, to determine whether Defendant violated her supervised release. Defendant was represented by Federal Public Defender Sarah Ann Jacobs. The Government was represented by Assistant United States Attorney William Tatum.

On June 17, 2021, United States District Judge Sean D. Jordan sentenced Defendant to a term of thirty-six (36) months imprisonment followed by three (3) years of supervised release. *See* Dkt. 51 at 1. On May 10, 2024, Defendant completed her term of imprisonment and began serving the term of supervision. *See id.*

On May 20, 2024, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender Under Supervision (the "Petition") (Dkt. 51), alleging Defendant violated two conditions of supervised release. *See id.* at 1. The Petition asserts Defendant violated the following conditions of supervision: (1) Defendant must live at a place approved by the probation officer and notify the probation officer of any changes to her living arrangements; and (2) Defendant must not communicate or interact with someone she knows is engaged in criminal activity. If Defendant

knows someone has been convicted of a felony, Defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer. *See id.*

The Petition asserts Defendant violated the foregoing conditions as follows:

(1)  On May 10, 2024, Defendant was released from custody. She was required to travel to her mother's residence in Atoka, Oklahoma, where she was approved to reside. When Defendant and her mother stopped for lunch in Allen, Texas, she called an Uber, left the restaurant, and her current whereabouts are unknown.

Defendant failed to reside at the approved location upon her release. She has failed to notify the U.S. Probation Office of her current residence.

(2)  Defendant is associating with Johnathan Walker, aka Trouble, who via Defendant's presentence report is a convicted felon. The presentence report states the couple were previously married in Denton County; however, a records search reveals no such marriage. Defendant does not have the permission of the probation officer to communicate or interact with Mr. Walker.

On July 2, 2024, the Court conducted a final revocation hearing on the Petition. *See* Minute Entry for July 2, 2024. Defendant entered a plea of true to allegations one and two, consented to revocation of her supervised release, and waived her right to object to the proposed findings and recommendations of the undersigned. *See id.*; Dkt 56. The Court finds Defendant violated the terms of her supervised release, and thus, her supervised release should be revoked.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the July 2, 2024 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months and one (1) day, with twenty-three (23) months of supervised release to follow under the previous conditions of supervised release. The Court further recommends Defendant be placed at FCI Aliceville in Aliceville, Alabama, if appropriate.

**So ORDERED and SIGNED this 3rd day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE